IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONOVON N. LEE, | : |
| | : |
|     Plaintiff | : CIVIL ACTION NO. 3:15-CV-0405 |
| | : |
| v. | : (Judge Nealon) |
| | : |
| FRANKLIN COUNTY JAIL, ET AL., | : |
| | : |
|     Defendants | : |

**MEMORANDUM**

**Background**

Plaintiff, Donovon N. Lee, an inmate confined at the Franklin County Prison, Pennsylvania, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are the Franklin County Prison ("FCP") and FCP Deputy Wardens Weller and Sullen. (Id.).

**Complaint Allegations**

Plaintiff alleges that on November 11, 2014, between the hours of 12:00 a.m. and 4:00 a.m., he awoke when his cellmate (Inmate Cool) started to rub his genitals. Plaintiff claims that he is not the first to report this inmate for such behavior. (Doc. 1, pp. 1-2). On November 7, 2014, Inmate Cool was reported by his previous cellmate for touching said inmate's buttocks. (Id. at 2). In response to the November 7, 2014 complaint filed by Inmate Cool's previous cellmate,

Inmate Cool was moved from that cell, and placed with Plaintiff. (Doc. 1, p. 2). Following Plaintiff's complaint, he claims "all they did was place Inmate Cool on house alone status." (Id. at 4). He also claims that officers have laughed at him because of what happened. (Id.). Plaintiff seeks monetary relief for emotional distress, and requests that the prison employees be held accountable for failing to take action against Inmate Cool after both complaint were made about his behavior. (Id.).

**Standard of Review**

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action ... (ii) fails to state a claim on which relief may be granted ...." 28 U.S.C. § 1915(e)(2)(B)(ii). The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion to dismiss pursuant to 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the court must "'accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir.

2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at

555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

**Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Thus, Section 1983 limits liability to state actors who violate constitutional rights.

Plaintiff has named the Franklin County Prison as a defendant in this matter. However, a county jail is not a proper defendant in a Section 1983 action because it is not a person and, therefore, not subject to suit under 42 U.S.C. § 1983.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a "state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); Nesmith v. Beaver County Jail, 2012 WL 3245495, at *11 (W.D. Pa. Aug. 8, 2012) (finding that the jail is not an entity that is properly subject to suit and would be dismissed

4

as a defendant even if complaint was not deficient.)  As such, the Franklin County Prison will be dismissed from this action.

Plaintiff also fails to state a claim against the remaining Defendants, Deputy Wardens Weller and Sullen.  Viewing the allegations in the complaint in the light most favorable to Plaintiff, he appears to allege that they failed to protect him in violation of the Eighth Amendment because Inmate Cool was celled with him after another inmate had voiced a similar complaint about him.

First, to the extent that Plaintiff is seeking monetary damages for emotional distress, under 42 U.S.C. § 1997e(e), he must allege in his pleading physical harm that Defendants caused him.  See Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000); Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003); Kantamanto v. King, 651 F.Supp.2d 313, 320 n. 1 (E.D. Pa. 2009) (an inmate cannot obtain compensatory damages for pain and suffering in a civil rights action because he did not allege any physical injury).  Plaintiff fails to allege that he suffered any physical harm at the hands of either Defendant.  As such, his claim for monetary damages for emotional distress will be dismissed with prejudice.

Further, under the most liberal construction, Plaintiff fails to state a viable Eighth Amendment failure to protect claim.  The Eighth Amendment imposes "a duty upon prison officials to take reasonable measures to protect prisoners from

violence at the hands of other prisoners." Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997). To establish a failure to protect claim, an inmate must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison official acted with "deliberate indifference" to his health and safety. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A substantial risk of serious harm "may be established by much less than proof of a reign of violence and terror," but requires more than a single incident or isolated incidents. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985). This does not require that an inmate must suffer an assault before obtaining relief. Id. Deliberate indifference is proven by showing that an official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

    Assuming the truth of Plaintiff's allegations, his Eighth Amendment claim is inadequate because there are no facts alleged showing that a reasonable person could have inferred and disregarded the existence of an excessive risk to Plaintiff's health or safety. Merely because a single complaint was made to Defendants that Inmate Cool touched his former cellmate's buttocks, such allegations fall short of knowing that Plaintiff faced a substantial risk of serious physical harm when said inmate was placed in Plaintiff's cell. See Wise v. Ranck,

340 F. App'x 765 (3d Cir. 2009). Only one (1) complaint had ever been made with respect to Inmate Cool. Based on the facts, it cannot be said that Plaintiff was exposed to any significant risk of harm. Further, as soon as Plaintiff complained about Inmate Cool's conduct, Inmate Cool was immediately placed on "house alone status." (Doc. 1, p. 4.) For these reasons, an Eighth Amendment claim has not been stated.

To the extent Plaintiff intends to set forth a claim of verbal harassment by his allegation that officers laughed at him because of what happened, any such claim is subject to dismissal. It is well-established that mere words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights by the officer. Johnson v. Glick, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973). "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000). Accordingly, any allegation of verbal harassment fails to state a cognizable claim.

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State

Hospital, 293 F.3d 103, 114 (3d Cir. 2002).  Because it is clear that any amendment would not cure the deficiencies in the complaint, and as such would be futile, the instant complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    A separate Order will be issued.

Date: April 21, 2015

                                            **/s/ William J. Nealon**
                                            **United States District Judge**